**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**STANLEY M. CARDINE**                                                                                                                            **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:08CV-265-H**

**DAVID BYBEE** *et al.*                                                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I.**

Cardine, a parolee, has filed suit on a general complaint form against Assistant Commonwealth Attorneys David Bybee and William Grimes. A review of the complaint and its attachments reveals that Cardine was found guilty on September 8, 1983, following a jury trial, of burglary in the third degree and of being a persistent felony offender. The jury recommended imprisonment for 20 years.

On September 29, 1983, defense counsel and a prosecutor appeared before the trial judge, at which time defense counsel orally moved for a new trial and for judgment notwithstanding the verdict. Both motions were orally denied. Written motions were then submitted. The trial judge, as in normal practice, wrote "overruled" on the face of the motion for new trial followed by his signature. With respect to the motion for judgment notwithstanding the verdict, however, the judge (according to subsequent testimony) forgot to include the word "overruled" and signed his name on the signature line. The omission initially went unnoticed by all, and Cardine began service of his sentence. During the process of post-conviction review, however, the signed

written order for judgment notwithstanding the verdict was discovered in the record and presented to the warden of the prison in which Cardine was confined, and Cardine was released.

Thereafter, Cardine filed an action against his trial counsel for negligence. The suit caused the Commonwealth Attorney's office to investigate the situation, and, upon discovery of the error, the Commonwealth moved to correct the clerical oversight. Following an evidentiary hearing, the Jefferson Circuit Court refused to correct the order. The Kentucky Court of Appeals reversed the trial court, finding that the failure of the judge to write "overruled" was a mere clerical error. As a result, Cardine was again incarcerated. A motion for discretionary review was denied by the Kentucky Supreme Court.

Because the prosecutors filed the motion to correct which ultimately led to the reversal of the order for judgment notwithstanding the verdict, Cardine argues retaliatory vindictiveness on their part and violations of Kentucky "acquittal and appeal statutes" and violations of the federal Double Jeopardy Clause and of the Fifth and Fourteenth Amendments to the U.S. Constitution. Claiming no other adequate remedy, Cardine asks the Court "to issue and order of Mandamus, requiring the lower Court to reinstate the judgment of acquittal."

## II.

Because Cardine is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at __, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Here, Cardine fails to identify this Court's subject matter jurisdiction but alleges federal constitutional violations and asks the Court to grant him mandamus relief by requiring the state court to reinstate his judgment of acquittal.

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Cardine, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him. Rather, he asks the Court to compel a *state* court and judge to act, and "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Consequently, the request for mandamus relief must be dismissed.

Because Cardine is requesting that his acquittal be reinstated which would in turn invalidate his conviction, the requested relief is more in the nature of a habeas matter than mandamus. *See Bolt v. Caruso*, No. 06-14507, 2008 WL 2157035, at *4 (E.D. Mich. May 22, 2008) ("All of the relief that the petitioner seeks is based entirely on the invalidity of his state court convictions and sentences. None of that relief can be granted through mandamus. The petitioner must seek a writ of habeas corpus. . . ."). Cardine, however, has previously sought federal habeas review of his 1983 conviction. *See In re: Stanley Cardine*, No. 07-5666 (6th Cir.

Jan. 28, 2008) (denying Cardine's motion for leave to file a second or successive habeas petition); *Cardine v. Parke*, No. 88-5917, 1989 WL 78941 (6th Cir. July 18, 1989) (affirming district court's denial of Cardine's petition for writ of habeas corpus); *see also* Civil Action Nos. 3:96CV-P733-H and 3:02CV-703-S.  Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Consequently, absent authorization from the Sixth Circuit, this Court is without jurisdiction to entertain any habeas request.

      As this Court is without jurisdiction to grant the relief requested, the action will be dismissed by separate Order.

Date:

cc:    Plaintiff, *pro se*
4412.005